### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HESHAM ISMAIL, | : | CIVIL NO.: 3:21-cv-00143 |
| | : | |
| Plaintiff, | : | Magistrate Judge Schwab |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HONEYWELL INTERNATIONAL, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM OPINION</u>

### I. Introduction.

The plaintiff, Hesham Ismail ("Ismail"), brings this action *pro se* under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and 18 U.S.C. § 1001 ("§ 1001"). Ismail alleges that he suffered discriminatory acts by the defendants on the basis of his race, religion, and national origin. The case is presently before us on a motion to dismiss (*doc. 11*) filed by defendants Darius Adamczyk ("Adamczyk"), Judson Weiss ("Weiss"), and Honeywell International Inc. ("Honeywell"), collectively the ("Honeywell defendants"). Ultimately, we find that portions of Ismail's complaint (*doc. 1*) state a claim upon which relief can

be granted against the defendants.  Accordingly, we will grant the Honeywell

defendants' motion to dismiss in part and deny it in part.

## II. Background and Procedural History.

Ismail initiated this case by filing his complaint on January 26, 2021. *Doc. 1*.

Under Count One, Ismail claims that the Honeywell defendants refused to hire him

based on his religious beliefs. *Id*. at ¶¶ 1-10.  According to Ismail, on February 26,

2013, Honeywell contracted him to work as a mechanical engineer through

Chicago Bridge & Iron Company ("CB&I"). *Id*. at ¶ 1.  Per Ismail, during a July

2013 company pot-luck lunch, Weiss harassed him because he was fasting for the

Islamic holy month of Ramadan. *Id.* at ¶¶ 2-3.  On October 28, 2014, Ismail claims

he went to Weiss's manager, William Olp ("Olp"), and complained about the

harassment. *Id.* at ¶ 4.  Ismail alleges, that on February 4, 2015, Weiss

"discharged" him "because his presence caused him tension despite acknowledging

that there was no work[-]related reason." *Id*. at ¶ 5.  Ismail further alleges that there

exists an audio recording of the termination that confirms this assertion. *Id*.

Per Ismail, on October 16, 2017, Soo Moon ("Moon"), a Honeywell

recruiter, reached out to him regarding an engineering position after seeing his

resume online. *Id*. at ¶ 6.  Ismail claims that, on November 14, 2017, Moon

conducted a phone screening interview with him and "promised to schedule an

interview pending confirming [*sic*] my prior experience with Judson Weiss." *Id*. at ¶ 7.  According to Ismail, on April 10, 2018, he sent a follow-up email to Moon, who, on April 11, 2018, informed Ismail that the hiring team had decided to move forward with other candidates. *Id*. at ¶¶ 8-9.  Ismail alleges that Weiss blocked the follow-up interview because of his "protected class." *Id*. at ¶ 10.

Under Count Two, Ismail claims that the Honeywell defendants' failure to hire him was a retaliatory action in response to Ismail reporting the alleged harassment from Weiss. *Id*. at ¶¶ 12-13.  Under Count Three, Ismail alleges that the Honeywell defendants made a false statement to OSHA in violation of § 1001.[1] Regarding his exhaustion of federal administrative remedies, Ismail claims that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2018. *Id*. at 8.  Per Ismail, the EEOC issued him a Notice of Right to Sue letter, which he received on November 30, 2020. *Id*.[2]  For relief, Ismail

---

[1] We note that in our Report and Recommendation in *Ismail v. McDermott Int'l. et al*., which was adopted in its entirety on April 16, 2021, *see Ismail*, No. 3:19-cv-01305, *doc. 83* (M.D. Pa. Apr. 16, 2021), we disposed of Ismail's § 1001 claim in that case. *See Ismail*, No. 3:19-cv-01305 (*doc. 76*).  Specifically, we held that there exists no private right of action for alleged violations of § 1001. *Id*. at 9. Moreover, Ismail concedes that his § 1001 claim in the instant matter should be dismissed. *See doc. 14* at 6.  Accordingly, we dismiss Ismail's § 1001 claim in its entirety.

[2] Here, Ismail failed to attach copy of the Notice of Right to Sue letter from the EEOC to this complaint; however, Ismail did attach the letter in a related case, *Ismail*, No. 3:19-cv-01305. *See Ismail*, No. 3:19-cv-01303, *doc. 1* at 9. Additionally, the Honeywell defendants attached Ismail's complaint with the

seeks reimbursement and payment including but not limited to "back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority." *Id.* at 9.  Ismail also requests that those benefits should be accorded from the date on which he first suffered discrimination until the verdict. *Id.*  Ismail also seeks punitive damages and requests that all financial relief be paid to the United Nations World Food Program. *Id.*

On April 29, 2021, the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case assigned to the undersigned. *Doc. 10.*  On May 14, 2021, the Honeywell defendants filed a motion to dismiss Ismail's claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and a brief in support of that motion. *Docs. 11*, *12.*  On May 20, 2021, Ismail filed a brief in opposition (*doc. 14*) to the Honeywell defendants' motion to dismiss, and on June 1, 2021, the Honeywell defendants filed a reply brief to Ismail's brief in opposition. *Doc. 15.*  The motion to dismiss, therefore, is ripe, and we consider it below.

---

Pennsylvania Human Relations Commission ("PHRC"), which was cross-filed with the EEOC, to their motion to dismiss. *See doc. 12*, Ex. A.

## III. Discussion.

### A. Motion to dismiss and pleading standard.

A federal court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In deciding whether to dismiss a case for failure to state a claim upon which relief can be granted, a federal court "must accept all facts alleged in the complaint

as true and construe the complaint in the light most favorable to the nonmoving party." *Krieger v. Bank of Am.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  In practice, this leads to a three-part standard:

> To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: First, take note of the elements a plaintiff must plead to state a claim.  Second, identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and alterations omitted) (quoting *Burch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Complaints brought *pro se* are afforded more leeway than those drafted by attorneys.  In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007).  Nevertheless, "pro

se litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


### B. Discrimination standard under Title VII.

Ismail claims that the Honeywell defendants discriminated against him

because of his religion in violation of Title VII.  The general discrimination

provision of Title VII provides that it is "an unlawful employment practice for an

employer to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Title VII prohibits unlawful employment practices by an employer and

"defines 'employer' as 'a person engaged in an industry affecting commerce who

has fifteen or more employees . . . and any agent of such person.'" *Sheridan v. E.I.*

*Dupont de Nemours and Co*., 100 F.3d 1061, 1077 (3d Cir. 1996) (quoting 42

U.S.C. §§ 2000e-2(a), 2000e(b)).  The Third Circuit has joined the "clear majority

of the courts of appeals . . . [holding] that individual employees cannot be held

liable under Title VII." *Id*. (collecting cases); *accord Northern v. Susquehanna*

*Univ*., No. 4:18-CV-1384, 2018 WL 6991259, at *5 (M.D. Pa. Dec. 19, 2018)

("Since deciding *Sheridan* the Third Circuit has since reiterated that 'claims against individual supervisors are not permitted under Title VII.'") (quoting *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001)); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII.").

Under Title VII, a plaintiff may pursue a claim for discrimination under either a pretext theory or a mixed-motive theory. *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008). "Generally speaking, in a 'mixed-motive' case a plaintiff claims that an employment decision was based on both legitimate and illegitimate reasons." *Connelly v. Lane Constr. Corp.*, 809 F.3d, 780, 787 (3d Cir. 2016). "Such cases are in contrast to so-called 'pretext' cases, in which a plaintiff claims that an employer's stated justification for an employment decision is false." *Id*.

Under the mixed-motive theory, which was set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), "a plaintiff may show that an employment decision was made based on both legitimate and illegitimate reasons." *Makky*, 541 F.3d at 213. In part, in response to *Price Waterhouse*, Congress passed the Civil Rights Act of 1991, which set forth standards applicable to mixed-motive cases. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003). Under the Act, "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any

employment practice, even though other factors also motivated the practice." 42

U.S.C. § 2000e-2(m).  Thus, to proceed under a mixed-motive theory, "a plaintiff

need only present sufficient evidence for a reasonable jury to conclude, by a

preponderance of the evidence, that 'race, color, religion, sex, or national origin

was a motivating factor for any employment practice.'" *Desert Palace,* 539 U.S. at

101 (quoting § 2000e-2(m)).

Under the pretext theory, the burden-shifting framework established in

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), applies.  That burden-

shifting analysis has three stages. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403,

410 (3d Cir. 1999).  "First, the plaintiff must establish a prima facie case of

discrimination." *Id*.  To establish a prima facie case of discrimination under the

pretext theory, a plaintiff generally must show that (1) she is a member of a

protected class, (2) she was qualified for the position, (3) she suffered an adverse

employment action, and (4) the action occurred under circumstances that could

give rise to an inference of intentional discrimination. *Mandel v. M & Q Packaging

Corp.*, 706 F.3d 157, 169 (3d Cir. 2013).  "If the plaintiff succeeds in establishing a

prima facie case, the burden shifts to the defendant 'to articulate some legitimate,

nondiscriminatory reason for the employee's rejection.'" *Jones*, 198 F.3d at 410

(quoting *McDonnell Douglas*, 411 U.S. at 802).  "Finally, should the defendant

carry this burden, the plaintiff then must have an opportunity to prove by a

preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id*. "Although the burden of production of evidence shifts back and forth, the plaintiff has the ultimate burden of persuasion at all times." *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015).

Labeling cases as "mixed-motive" cases or "pretext" cases can be misleading because in either type of case "the employer's challenged conduct may nevertheless result from two or more motives, and the plaintiff 'need not necessarily show "pretext" but may prevail simply by showing, through direct or circumstantial evidence, that the challenged action resulted from discrimination.'" *Connelly*, 809 F.3d at 788 (quoting *Watson v. Se. Pa. Transp. Auth.*, 207 F.3d 207, 214 n.5 (3d Cir. 2000)). "Under either theory of discrimination, the plaintiff must establish that her protected status was a factor in the employer's challenged action." *Id*. "The difference is in the degree of causation that must be shown: in a 'mixed-motive' case, the plaintiff must ultimately prove that her protected status was a 'motivating' factor, whereas in a non-mixed-motive or 'pretext' case, the plaintiff must ultimately prove that her status was a 'determinative' factor." *Id*. Because "[t]he distinction between those two types of cases 'lies in the kind of proof the employee produces on the issue of [the employer's] bias,'" and "identifying proof before there has been discovery would seem to put the cart

before the horse[,]" the plaintiff does not need to identify under what theory she is proceeding at the pleading stage. *Id*. (quoting *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1097 (3d Cir. 1995)).

Further, "[a] *prima facie* case is 'an evidentiary standard, not a pleading requirement[.]'" *Id*. at 789 (quoting *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510 (2002)).  Thus, it "is 'not a proper measure of whether a complaint fails to state a claim.'" *Id*. (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009)).  "To defeat a motion to dismiss, it is sufficient to allege a prima facie case." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (age discrimination claim).  "But it is not necessary." *Id*.  "Instead of requiring a *prima facie* case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 789 (quoting *Phillips v. Cty. of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008)).  "Should her case progress beyond discovery, [the plaintiff] could ultimately prevail on her disparate treatment claim by proving that her status as a woman was either a 'motivating' or 'determinative' factor in [the defendant]'s adverse employment action against her." *Id.*  "Therefore, at this early stage of the proceedings, it is enough for [the plaintiff] to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.*

### C. Discrimination under § 1981.

Section 1981, codified at 42 U.S.C. § 1981, allows "a plaintiff who belongs

to a racial minority [to] bring a claim for purposeful race-based discrimination."

*O'Haro v. Harrisburg Area Cmty. Coll.*, No. 1:18-cv-02073, 2020 WL 5819768, at

*14 (M.D. Pa. Sept. 30, 2020) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789,

797 (3d Cir. 2001)). The alleged "purposeful discrimination must concern an

activity identified in 42 U.S.C. § 1981(a)." *Id.* (citing *Brown*, 250 F.3d at 797).

Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of

the United States shall have the same right . . . to make and enforce contracts . . . as

is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a).  "For purposes of this

section, the term 'make and enforce contracts' includes the making, performance,

modification, and termination of contracts, and the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship." 42 U.S.C.

§ 1981(b).  "Section 1981 offers relief when racial discrimination blocks the

creation of a contractual relationship, as well as when racial discrimination impairs

an existing contractual relationship, so long as the plaintiff has or would have

rights under the existing or proposed contractual relationship." *Domino's Pizza*,

*Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Additionally, "the substantive

elements of a claim under section 1981 are generally identical to the elements of an

employment discrimination claim under Title VII." *Brown v. J. Kaz*, *Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009).

For a § 1981 claim to survive a motion to dismiss, "a plaintiff must plausibly allege that: (1) the plaintiff is a member of a protected class; (2) she is qualified for the position or satisfactorily performed the duties required by her position; and (3) she suffered an adverse employment action." *Jones v. E. Airlines*, *LLC*, No. 20-cv-1927, 2021 WL 2456650, at *7 (E.D. Pa. June 16, 2021) (citing *Wallace v. Federated Dep't Stores*, *Inc.*, 214 F.App'x. 142, 144-145 (3d Cir. 2007)). Additionally, "the U.S. Supreme Court recently held that a plaintiff must also plausibly allege that race was a but-for cause of the adverse employment action." *Jones*, 2021 WL 2456650 at *7 (citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014-15 (2020)).

### D. The complaint states a religious discrimination claim upon which relief can be granted.

The Honeywell defendants note that, in his brief in opposition to the motion to dismiss, Ismail raised additional factual allegations not contained in his second amended complaint. *Doc*. *15* at 1-2.  The Honeywell defendants are correct that Ismail may not amend his complaint short of filing another amended pleading, and certainly cannot do so via a brief in opposition to a motion to dismiss. *Coda v. Constellation Energy Power Choice, LLC*, 409 F.Supp.3d 296, 302 n.4 (D.N.J.

13

2019) ("Plaintiff cannot amend the first amended complaint through a brief.")
(citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d
Cir. 1988)) ("It is axiomatic that the complaint may not be amended by the briefs
in opposition to a motion to dismiss.") (citing *Car Carriers, Inc. v. Ford Motor
Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Grayson v. Mayview State
Hosp.*, 293 F.3d 103, 109 n.9 (3d Cir. 2002) (A plaintiff "should not be able
effectively to amend a complaint through any document short of an amended
pleading."). Thus, in ruling on this motion, we do not consider any new factual
allegations arising out of Ismail's brief in opposition to the Honeywell defendants'
motion to dismiss; however, we will consider them in deciding to grant leave to
amend.

Under Count One, Ismail claims that the Honeywell defendants failed to hire
him because they discriminated against his religious creed. *Doc. 1* at 7. As the
Honeywell defendants correctly note, Ismail fails to assert under which law he
seeks to bring this claim. *Doc. 12* at 8. Thus, we will analyze Count One under
both § 1981 and Title VII. Count One cannot be asserted under § 1981 as, "the
scope of Section 1981 is not so broad as to include religious discrimination."
*Hasan v. Threshold Rehab. Inc.*, No. 13-cv-00387, 2014 WL 1225921, at *6 (E.D.
Pa. Mar. 25, 2014) (citations omitted); *see also Doe v. Sizewise*, *LLC*, 530
F.App'x. 171, 175 (3d Cir. 2013) (affirming the District Court's finding that

14

religious discrimination claims are non-cognizable under § 1981).  Accordingly, under Count One, we find that Ismail cannot allege a § 1981 violation, and, therefore, we will dismiss his § 1981 claims.  We note, however, that because Ismail is *pro se* and in his brief in opposition to the Honeywell defendants' motion to dismiss, he alleges several new facts regarding racial discrimination against the Honeywell defendants, including Adamczyk, under § 1981, *see doc. 14* at 3-4, we will grant Ismail leave to amend Count One only to the extent that he can allege facts to support a § 1981 claim of racial discrimination.

Ismail also alleges, under Count One, that the Honeywell defendants violated Title VII by refusing to hire him on the basis of his religious creed. *Doc. 1* at 7.  Title VII prohibits both discrimination and retaliation.  The general discrimination provision of Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  To ultimately establish a claim of religious discrimination under Title VII, Ismail must sufficiently allege that he (1) is a member of a protected class; (2) was qualified for the position he south to attain or retain; (3) suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference

of intentional discrimination based on his religion. *Jones v. Sch. Dist. Of Phila*., 198 F.3d 403, 410-11 (3d Cir. 1999).

Here, Ismail sufficiently alleges that he is a practicing Muslim. *Doc 1.* at ¶¶ 2-3. Thus, Ismail has established that he is a member of a protected class. *See Romdhani v. Exxon Mobil Corp.*, No. 07-cv-715, 2011 WL 722849, at *10 (D. Del. Feb. 23, 2011) (finding that plaintiffs are "members of a protected class by virtue of their adherence to the Muslim faith.") (citing *Pourkay v. City of Philadelphia*, No. 06-cv-5539, 2009 WL 1795814, at *8 (E.D. Pa. June 23, 2009)).

Next, Ismail must allege that he was qualified for the position he sought to attain. Ismail claims that he previously contracted as a mechanical engineer for Honeywell and that he was terminated for non-work-related reasons. *Doc. 1* at ¶¶ 1, 5. Additionally, Ismail alleges that Moon reached out to him regarding the engineer position upon seeing Ismail's resume online. *Id*. at ¶ 6. Moreover, Ismail claims that he conducted a successful phone screening interview with Moon, with a promise that a follow-up interview would occur. *Id*. at ¶ 7. The Honeywell defendants argue that Ismail has not alleged facts that demonstrate he would have been hired had he been selected for an interview or that he was more qualified than the candidate eventually selected by Honeywell. *Doc. 12* at 11-12. But at this stage of litigation, Ismail need only allege that he was qualified for the position he sought, which he has done. *See Barthold v. Briarleaf Nursing & Convalescent Ctr.*

16

*Nursing Home*, No. 13-cv-2463, 2014 WL 2921534, at *3 (E.D. Pa. June 27, 2014) ("An extended period of employment in a particular position gives rise to an inference that a plaintiff was objectively qualified for that position.") (citing *Chapman v. American Institute of Certified Public Accountants*, 233 F.App'x. 141, 143 (3d Cir. 2007)); *see also Natarajan v. CLS Bank Int'l.,* No. 12-cv-06479, 2013 WL 3930123, at *2 (D.N.J. July 30, 2013) (finding that, at the motion to dismiss stage, the plaintiff had plausibly alleged that he had the requisite experience for the relevant position).

Next, Ismail must allege that he suffered an adverse employment action. The Supreme Court has held that, "[a] tangible employment action constitutes a significant change in employment status, such as **hiring**, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (emphasis added).  Here, Ismail sufficiently alleges that he was not hired by Honeywell. *Doc. 1* at ¶ 9.  Accordingly, we find that Ismail suffered an adverse employment action.

Ismail must further allege that Honeywell's failure to hire him occurred under circumstances that could give rise to an inference of intentional discrimination based on his religion.  "The fourth element, the inference of discrimination, is, at the motion to dismiss stage, an 'easy burden' to carry." *Miller*

*v. Tithonus Tyrone*, L.P., No. 3:20-cv-31, 2020 WL 2065941, at *6 (W.D. Pa. Apr. 29, 2020) (citing *Finn v. Porter's Pharm*., No. 15-cv-661, 2015 WL 5098657, at *3 (W.D. Pa. Aug. 31, 2015)).  This is because "only rarely will a plaintiff have direct evidence of discrimination." *Geraci v. Moody-Tottrup, Int'l.*, 82 F.3d 578, 581 (3d Cir. 1996).  Indeed, a prima facie case is a low bar to clear, *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ*., 470 F.3d 535, 539 (3d Cir. 2006), and the burden of establishing a prima facie case "is 'not onerous.'" *Young v. UPS*, 575 U.S. 206, 228, 135 S. Ct. 1338, 191 L. Ed. 2d 279 (2015) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).  Honeywell defendants do not deny that they were aware of Ismail's religion; however, they argue that Ismail fails to allege that his religion was ever considered during the applicant screening process, that Moon ever spoke to Weiss about Ismail, or that Ismail was otherwise treated less favorably based on his religion. *Doc. 12* at 11-12.  Ismail does, however, not necessarily need to allege facts suggesting that his religion was a determinative factor in the decision to not hire him given that he may proceed under either a pretext theory or a mixed-motive theory, the latter of which requires only that religion was a motivating, rather than a determinative, factor. *See Connelly*, 809 F.3d at 789 (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)) (finding that a plaintiff could prevail

on her disparate treatment claim by proving that that her status as a woman was a factor in the employer's adverse employment action against her).

Here, Ismail alleges that, while working for Honeywell as a contractor, Weiss discovered that Ismail was fasting during Ramadan and began harassing Ismail for his religious beliefs. *Doc. 1* at ¶¶ 2-3.  Ismail further alleges that he complained to Weiss's manager, Olp, about the alleged harassment. *Id.* at ¶ 4. Ismail claims that Weiss "discharged" him for non-work-related reasons. *Id.* at ¶ 5. Per Ismail, Moon reached out to him regarding a vacant engineering position, and after a successful screening interview occurred, Moon promised a follow-up interview once Ismail's prior experience with Weiss was confirmed. *Id.* at ¶¶ 6-7. Ismail alleges that he never heard back from Moon and that only after he reached out to Moon was he informed that the hiring team decided to move forward with other candidates. *Id.* at ¶¶ 8-9.

Construing Ismail's allegations as true, Ismail alleges sufficient facts to infer that he was not hired due to religious discrimination.  Based on Weiss's alleged prior religious discrimination against Ismail and Weiss's alleged involvement in Ismail's hiring process, it is plausible that Weiss's alleged religious animus towards Ismail was a factor in Honeywell's failure to hire Ismail.  Thus, we find that Ismail satisfies the fourth prong of alleging a prima facie case of

discrimination.  Accordingly, we will deny the motion to dismiss as it relates to

Count One.

### E. The complaint fails to state a retaliation claim; however, Ismail should be granted leave to amend Count Two.

Under Count Two, Ismail alleges that because he reported Weiss's alleged

harassment, when he was employed by CB&I and contracted out to Honeywell, the

Honeywell defendants retaliated against him by refusing to hire him. *Id*. at ¶¶ 11-

13.  We note that Ismail does not specifically allege whether Count Two is based

on religious, racial, or national origin discrimination.  Instead, Ismail only lists the

Count as "Refusal to Hire – Retaliation – Discrimination." *Id*.  Although Ismail

fails to specify, he does state that Count Two incorporates the Count One

paragraphs. *Id*. at ¶ 11.  Additionally, in paragraph 12, Ismail refers to the October

28, 2014 incident when he complained to Olp about Weiss's alleged religious

harassment.  As we previously discussed, a § 1981 claim does not cover religious

discrimination.  In his brief in opposition to the motion to dismiss, Ismail argues

that he was targeted for being Arab (race) as well as being a Muslim. *Doc. 14* at 4.

But once again, Ismail attempts to introduce facts in his brief that are not present in

his complaint.  Accordingly, Ismail cannot bring this claim under § 1981, and thus,

we will grant the motion to dismiss.  We will, however, as we did for Count One,

grant Ismail leave to amend his complaint only to the extent that he can allege facts

to support a § 1981 racial discrimination claim.  We now turn our discussion

toward Ismail's retaliation claim asserted under Title VII.

The general retaliation provision of Title VII provides that it is an "unlawful

employment practice for an employer to discriminate against any of his employees

or applicants for employment, [or] for an employment agency . . . to discriminate

against any individual . . . because he has opposed any practice made an unlawful

employment practice" by the statute "or because he has made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing"

under Title VII. 42 U.S.C. § 2000e-3(a).  To establish a prima facie case of

retaliation in violation of Title VII, a plaintiff must allege that he: (1) engaged in

protected conduct; (2) suffered an adverse employment action; and (3) that the

adverse action was causally linked to the protected conduct. *Moore v. City of

Phila*., 461 F.3d 331, 340-41. (3d Cir. 2006).

The Honeywell defendants argue that Ismail has not shown that he

complained of conduct made unlawful by Title VII, and thus, has failed to show

that he engaged in protected conduct. *Doc. 12* at 14.  Based on his complaint,

Ismail alleges that "Weiss found out he was Muslim and began harassing him."

*Doc. 1* at ¶ 3.  Ismail then claims that he went to Olp "to complain about Weiss's

harassment." *Id*. at ¶ 4.  Thus, Ismail does claim to have reported that the

harassment was based on his membership in a protected class. Accordingly, we will not dismiss Count Two on this basis.

The Honeywell defendants also argue that Ismail could not have engaged in protected activity because he was a contractor with Honeywell and not an employee at the time of the alleged report. *Doc. 12* at 14. The Third Circuit has routinely held that, in order to state a Title VII Claim, a plaintiff must allege an employment relationship with the defendant(s). *See Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013) (finding that the plaintiff must allege an employment relationship with the defendants to state a Title VII claim); *see also Faush v. Tuesday Morning*, *Inc.*, 808 F.3d 208, 212 (3d Cir. 2015) (same); *see also Shah v. Bank of Am*., 346 F.App'x 831, 833 (3d Cir. 2009) (same).

The Honeywell defendants contend that Ismail was not an employee of Honeywell when he reported the alleged harassment to Olp. They argue that Ismail specifically states that he was contracted to work at Honeywell by CB&I. *Doc. 12* at 14 (citing *doc. 1* at ¶ 1). When there is a dispute as to whether an individual is considered an employee or independent contractor, courts look to the factors set forth in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992). Specifically, the court should consider:

> the hiring party's right to control the manner and means by
> which the product is accomplished[;] . . . the skill required; the

> source of the instrumentalities and tools; the location of the
> work; the duration of the relationship between the parties;
> whether the hiring party has the right to assign additional
> projects to the hired party; the extent of the hired party's
> discretion over when and how long to work; the method of
> payment; the hired party's role in hiring and paying assistants;
> whether the work is part of the regular business of the hiring
> party; whether the hiring party is in business; the provision of
> employee benefits; and the tax treatment of the hired party.

*Id*. at 323-24 (internal quotations and citations omitted).

Here, Ismail's complaint lacks sufficient facts to determine whether he was an employee of Honeywell at the time of his reporting of the alleged harassment. In his brief in opposition to the Honeywell defendants' motion to dismiss, Ismail raises several new facts regarding his employment relationship with Honeywell; however, these facts do not appear in his complaint and thus, cannot be considered at this time. Accordingly, because Ismail's complaint only describes his employment relationship with Honeywell as a contractor, we find that he fails to sufficiently allege that he was a Honeywell employee at the time of the report and, therefore, cannot pursue this claim under Title VII. Thus, we will dismiss Count Two. We, however, will grant Ismail leave to amend Count Two only to the extent he can allege sufficient facts to support his status as an employee of Honeywell.[3]

---

[3] The Honeywell defendants argue that Ismail cannot sue Adamczyk and Weiss under Title VII because Title VII does not create a cause of action against individuals. *Doc. 12* at 19. Indeed, Ismail concedes that Adamczyk and Weiss are only personally liable under § 1981. *Doc. 14* at 6. Adamczyk and Weiss, who are undoubtedly individual employees of Honeywell, cannot be held liable under Title

**F.  Ismail's national origin claims are dismissed.**

In section III of his compliant, Ismail asserts that the Honeywell defendants discriminated against him on the basis of his race (Arab), religion (Islam), and national origin (Egyptian).  *Doc. 1* at 5.  The Honeywell defendants argue that Ismail fails to plead facts regarding race or national origin. *Doc. 12* at 18.  Additionally, they argue that Ismail failed to exhaust his administrative remedies as it relates to any claims based on national origin discrimination or retaliation. *Id*.

"Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." *Lewis v. City of Chicago,* 560 U.S. 205, 210 (2010).  A claimant in a deferral state, such as Pennsylvania, must file an administrative charge within 300 days after the alleged unlawful employment practice occurred. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013); 42 U.S.C. § 2000e–5(e)(1) (providing "that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred . . .").  This time period is treated as a statute of limitations. *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 470, 475 (3d Cir. 2001).

---

VII.  Thus, we will grant the Honeywell defendants' motion to dismiss Ismail's Title VII claims against Adamczyk and Weiss.

The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendants. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989).  A motion to dismiss may be granted on the basis of the statute of limitations only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978)(motion to dismiss); 5A Wright & Miller, *Federal Practice and Procedure* § 1368 (2d ed. 1990)("If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no question of fact exists, then a judgment on the pleadings may be appropriate.").

Here, Ismail did not assert national origin discrimination in his PHRC complaints. *See Doc. 12*, Ex. A.[4]  Accordingly, we will dismiss Ismail's national origin discrimination and retaliation claims as they are unexhausted.

**IV. Conclusion.**

Based on the foregoing, we will grant the Honeywell defendants' motion to dismiss (*doc. 11*) in part and deny it in part.  Specifically, we find that:

---

[4] Ismail concedes that he did not exhaust his administrative remedies as it relates to any national origin claims. *Doc. 14* at 6.

- **Count One –** The motion to dismiss is **GRANTED** as it relates to Ismail's § 1981 claims; however, Ismail shall be given leave to amend only to the extent that he can allege facts to support a § 1981 claim of racial discrimination.  The motion to dismiss is **DENIED** as it relates to Ismail's Title VII claims.  The motion to dismiss is **GRANTED** as it relates to any national origin discrimination claims, and Ismail will not be given leave to amend.

- **Count Two –** The motion to dismiss is **GRANTED** as it relates to Ismail's § 1981 claims; however, Ismail shall be given leave to amend only to the extent that he can allege facts to support a § 1981 racial discrimination claim.  The motion to dismiss is **GRANTED** as it relates to Ismail's Title VII claims; however, Ismail shall be given leave to amend only to the extent he can allege sufficient facts to support his status as an employee of Honeywell.  The motion to dismiss is **GRANTED** as it relates to any national origin retaliation claims, and Ismail will not be given leave to amend.

- **Count Three –** The motion to dismiss is **GRANTED**, and Ismail will not be given leave to amend.

- **Individual defendants –** The motion to dismiss is **GRANTED** as it relates to the Title VII claims against Adamczyk and Weiss, and Ismail will not be given leave to amend.  The motion to dismiss is **GRANTED** as it relates to the § 1981 claims against Adamczyk; however, Ismail will be given leave to amend only to

26

the extent that he can allege sufficient facts against Adamczyk in his § 1981

claims.

An appropriate order follows.[5]


_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge

---

[5] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is advised that any amended complaint must be complete in all respects." _Young v. Keohane_, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." _Id_.  "Also in general, an amended pleading—like [any] amended complaint here— supersedes the earlier pleading and renders the original pleading a nullity." _Palakovic v. Wetzel_, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.  Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." _Id_.