## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HESHAM ISMAIL, | : | CIVIL NO.: 1:21-CV-00143 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| HONEYWELL INTERNATIONAL, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.  Introduction.

Plaintiff Hesham Ismail ("Ismail") claims that he was subjected to racial and religious discrimination while working for the defendant, Honeywell International, Inc. ("Honeywell").  Ismail, proceeding pro se, brings claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Judson Weiss ("Weiss"), Ismail's immediate supervisor at Honeywell; Darius Adamczyk ("Adamczyk"), the Honeywell CEO; and Honeywell itself.  Honeywell and Weiss jointly filed an answer to the complaint. *Doc. 21*.  Adamczyk, however, filed the currently pending motion to dismiss. *Doc. 22*.  For the reasons set forth below, we will grant the motion to dismiss the complaint without leave to amend.

## II.  Background and Procedural History.

Ismail began this action by filing a complaint on January 21, 2021. *Doc. 1.*
After the defendants entered their appearance (*docs. 4, 5*), and were granted an
extension of time to file a responsive pleading (*doc. 8*), the parties consented to
magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) (*doc. 10*).  The
defendants then jointly filed a motion to dismiss (*doc. 11*), and a brief in support of
that motion (*doc. 12*).  Ismail filed a brief in opposition to this motion. *Doc. 14.*
And the defendants filed a reply brief. *Doc. 15.*  We granted in part and denied in
part this motion to dismiss, and gave Ismail leave to amend certain claims. *Docs.
16, 17.*  As a result, Ismail filed an amended complaint against all defendants. *Doc.
18.*  Honeywell and Weiss then filed an answer to the complaint (*doc. 21*) and
Adamczyk filed the presently pending motion to dismiss (*doc. 22*) and a brief in
support (*doc. 23*).  After Ismail filed a brief in opposition (*doc. 24*), Adamczyk
filed a reply brief (*doc. 25*).[1]  The following facts are taken from Ismail's amended
complaint.

---

[1] In response to the reply brief, Ismail filed a letter addressed to the
undersigned. *Doc. 26.*  Though written in the form of a letter, the document
directly addresses the content of Adamczyk's reply brief. *Id.*  Ismail did not seek,
nor was he given, the right to file a sur-reply as required by Local Rule 7.7. *Id.*  We
thus consider this letter not as a sur-reply but as a stand-alone letter and address it
here. *Doc. 26.*

Ismail argues in the letter that he is not amending his complaint in his brief
in opposition, and that none of the factual allegations in his brief in opposition
were new. *Id.*  Ismail also accuses the court of assuming that he, as a pro se

On February 26, 2013, Honeywell hired Ismail as a Mechanical Engineer through Chicago Bridge & Iron Company ("CB&I"), an engineering agency. *Doc. 18* at 8.  This position reported to Weiss, a Honeywell employee. *Id.*  In July of 2013, Weiss hosted a potluck lunch. *Id.*  Ismail did not participate in the lunch because he was "fasting for the Islamic holy month of Ramadan." *Id.*  It was during this lunch that Weiss "found out" that Ismail "was an Arab Muslim through [Ismail's] coworkers." *Id.*  Ismail alleges that after the potluck lunch Weiss "began targeting" him, giving him more work than his "non-minority counterparts," blaming him for non-existent mistakes, holding him to "unrealistic performance expectations[,]" and making "continuous threats of termination for non-work related reasons[.]" *Id.*  On October 28, 2014, Ismail complained about this harassment to William Olp, Weiss's manager. *Id.*

On February 4, 2015, Weiss terminated Ismail's employment. *Id.*  According to the complaint, Weiss explained that this termination was because Ismail's

---

litigant, is "always wrong" and expresses concern that the court will adopt Adamczyk's arguments, because he is represented by a lawyer. *Id.*

   We note for the parties that the facts we lay out here are all from the amended complaint.  To the extent that there are additional facts alleged in any of the briefs, they are not considered. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  We further note for all parties that we liberally construe filings from pro se litigants, including Ismail. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"presence caused [Weiss] 'tension[.]'" *Id.*  Weiss also stated that he could "no

longer work with [Ismail] because 'you go to my boss and tell him I work you too

hard.'" *Id.*  During this exchange, Weiss "acknowledge[ed] that there was no

work[-]related reason" for terminating Ismail's employment. *Id.*

On February 11, 2015, Ismail contacted Honeywell via email and informed

them that he was terminated, in his opinion, "because of discrimination by" Weiss.

*Id.*  A representative from Honeywell's Human Resources Department ("HR")

responded to the email and collected evidence[2] of discrimination from Ismail. *Id.*

Per Ismail, HR then "promise[d] to investigate and[,] pending investigation, should

they [*sic.*] confirm discrimination, would reverse [Ismail's] termination." *Id.*  In

June 2015, HR informed Ismail that it had concluded its investigation, and found

"no evidence of discrimination." *Id.* at 9.

In January 2016, Ismail emailed Adamczyk with "audio evidence of

termination" that, according to Ismail, proves that "the termination was an act of

racial/religious discrimination." *Id.* at 9.  It is unclear in the complaint who

responded to this email, but Ismail alleges that "[i]n response [to his email with

'audio evidence'], Honeywell threatens [Ismail] with criminal prosecution for the

---

[2] Ismail states that HR "decline[d] audio evidence." *Doc. 18* at 8.  Ismail
does not further explain what this audio evidence is.

audio, declines to discipline . . . Weiss, and declines to reopen the investigation without 'new' information." *Id.*

In July 2016, Ismail emailed the "Honeywell Corporate board" with "'new' information showing that [Ismail] reported the harassment to Pottsville Plant Manager William Olp and that retaliation was cited during termination on audio." *Id.* No one responded to this email.

In the meantime, Ismail posted his resume online. *Id.* On October 16, 2017, a Honeywell recruiter ("the recruiter") saw Ismail's resume online and contacted him "for a direct[-]hire process engineering position at the Pottsville facility." *Id.* The recruiter conducted a phone screening of Ismail on November 14, 2017, which Ismail describes as "successful." *Id.* According to Ismail, during the phone screening the recruiter "confirm[ed] that [Ismail] was 'qualified' and promised to schedule an in[-]person interview[,] pending" confirmation of Ismail's prior experience with Weiss. *Id.*

On April 10, 2018, Ismail emailed the recruiter to "follow up on" his application. *Id.* The next day, the recruiter responded to the email and informed Ismail that "the hiring team decided to move forward with other candidates and declined even the promised interview." *Id.* Ismail asserts that he was the only candidate with two "years of uniquely qualified work experience at that specific Pottsville site[.]" *Id.* According to the complaint, "as a result of [the recruiter]

speaking with . . . Weiss, [Weiss] blocked [Ismail's] hiring." *Id.* "This is motivated by [Weiss's] stated words that [Ismail's] presence makes him uncomfortable to justify his termination.  This discomfort is due to [Ismail's] belonging to a protected class as an Arab Muslim." *Id.*  Further, per Ismail, "[b]y refusing to hold [Weiss] accountable for his discrimination, . . . Adamczyk enabled [Weiss] to continue to discriminate against [Ismail] by preventing him from proceeding with the new Honeywell position and is complicit in the discrimination." *Id.*  Ismail further asserts that "Weiss['s] decision to prevent [Ismail] from being interviewed for [the] process engineering position . . . was an act of retaliation for reporting his harassment." *Id.*

Ismail's complaint contains two counts: Count I is for refusal to hire due to racial and religious discrimination and Count II is for refusal to hire due to retaliation for protected conduct regarding racial and religious discrimination. *Id.* at 8, 9.  These claims are brought under Title VII for Honeywell and under 42 U.S.C. § 1981 for Adamczyk and Weiss. *Id.*  For relief, Ismail seeks: (1) "Defendants are to be held legally responsible for the[ir] discriminatory and criminal actions";  (2) compensation and reimbursement for "any and all pay and benefits [he] would have received had it not been for Defendants' illegal actions"; (3) actual damages; (4) damages for pain, suffering, and humiliation; and (5) punitive damages. *Doc. 18* at 11.

### III.  Pleading and Motion-to-Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss under Rule 12(b)(6), "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider [ ] the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required

than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. Of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

8

> First, the court must "tak[e] note of the elements a plaintiff
> must plead to state a claim." Second, the court should identify
> allegations that, "because they are no more than conclusions,
> are not entitled to the assumption of truth." Finally, "where
> there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and

citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.

Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,

Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


## IV. Discussion.

Adamczyk argues that the court should dismiss the complaint for three

reasons. *Docs. 22, 23.* He argues that Ismail's claims are time-barred, because all

allegations against him occurred outside of the four-year statute of limitations for

§ 1981 claims. *Doc. 23* at 6–7. Adamczyk argues that issue preclusion also bars

Ismail's claims. *Id.* at 7–9. Furthermore, Adamczyk argues, Ismail's claims do not

create a cause of action under 42 U.S.C. § 1981. *Id.* at 9–12.

Ismail argues that Adamczyk misrepresents his complaint. *Doc. 24.*

According to Ismail, "[t]his complaint is not about what [Adamczyk] did in 2016,

it is about what he was responsible for on April 18, 2018[.]"[3] *Id.* at 1.  In his reply

brief, Adamczyk argues that Ismail improperly attempts to proffer additional facts

in his brief in opposition.[4] *Doc. 25* at 1.  Adamczyk further argues that, even if the

court were to consider these additional facts, Ismail still fails "to state cognizable

claims[.]" *Id.* at 2.

Ismail brings claims against Adamczyk under 42 U.S.C. § 1981, which

allows "a plaintiff who belongs to a racial minority [to] bring a claim for

_____

[3] Ismail argues that his complaint "clearly states' "that the only date of
alleged discrimination act was on April 11, 2018[.]" *Doc. 24* at 1; *see also doc. 18*
at 6.  This discrepancy in dates does not affect our analysis.

[4] For example, Ismail states in his brief in opposition that Adamczyk was
CEO of Honeywell on April 11, 2018. *Doc. 24* at 1.  The amended complaint does
not include such an allegation, however. *Doc. 18.*  Instead, in the amended
complaint, Ismail alleges Adamczyk was CEO in January 2016 when he emailed
him with "audio evidence of termination" and in March 2022 when Ismail filed the
amended complaint. *Doc. 18* at 9.
Furthermore, Ismail states in his brief in opposition that he "was denied
employment due to discrimination by Judson Weiss in which Darius Adamczyk
oversaw as the company's chief executive." *Doc. 24* at 1.  Ismail does not allege in
his amended complaint that Adamczyk *oversaw* Weiss's allegedly discriminatory
decision to deny Ismail's employment. *Compare doc. 18 with doc. 24.*  We,
therefore, do not consider these additional allegations in the brief. *See
Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.
1988) ("It is axiomatic that the complaint may not be amended by the briefs in
opposition to a motion to dismiss.") (citing *Car Carriers, Inc. v. Ford Motor Co.*,
745 F.2d 1101, 1107 (7th Cir. 1984)).

purposeful race-based discrimination." *O'Haro v. Harrisburg Area Cmty. Coll.*, No. 1:18-cv-02073, 2020 WL 5819768, at *14 (M.D. Pa. Sept. 30, 2020) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). The alleged "purposeful discrimination must concern an activity identified in 42 U.S.C. § 1981(a)." *Id.* (citing *Brown*, 250 F.3d at 797). Section 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 also encompasses retaliation claims. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008).

For a § 1981 claim to survive a motion to dismiss, "a plaintiff must plausibly allege that: (1) the plaintiff is a member of a protected class; (2) she is qualified for the position or satisfactorily performed the duties required by her position; and (3) she suffered an adverse employment action." *Jones v. E. Airlines, LLC*, No. 20-cv-1927, 2021 WL 2456650, at *7 (E.D. Pa. June 16, 2021) (citing *Wallace v. Federated Dep't Stores, Inc.*, 214 F.App'x. 142, 144–45 (3d Cir. 2007)). Here,

11

Ismail alleges that he is an Arab Muslim who, despite being qualified for the process engineering position with Honeywell, was not hired for the position. Failure to hire is thus the adverse employment action Ismail suffered.[5]

Section 1981 "can be violated only by purposeful discrimination." *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). Furthermore, "[l]iability under § 1981 is personal in nature, much like that under § 1983, and cannot be imposed vicariously." *Boykin v. Bloomsburg University of Pennsylvania*, 893 F. Supp. 378, 394 (M.D. Pa. 1995). "Because liability is premised upon intentional discrimination, personal involvement of a defendant is essential." *Id.* Thus, "[i]ndividuals can face personal liability under Section 1981 if they cause an intentional infringement of an individual's Section 1981 rights or 'if they authorized, directed, or participated in the alleged discriminatory conduct.'" *Randolph v. Allied Crawford Steel, Inc.*, 2021 WL 1666980 at *3 (M.D. Pa. Apr. 28, 2021) (citing *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986) *aff'd*, 481 U.S. 604 (1987)). Additionally, the "U.S. Supreme Court recently held that a plaintiff must also plausibly allege that race was a but-for cause of the adverse employment action. *Jones*, 2021 WL 2456650 at *7 (citing *Comcast*

---

[5] Adamczyk argues that failure to investigate or discipline an employee is not an adverse action. *Doc. 23* at 10–11. Be that as it may, the adverse action that Ismail alleges he suffered is failure to hire. *See docs. 18, 24*.

*Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014–15
(2020)).

Here, Ismail alleges that, two years before he faced the above-described
adverse employment action, he emailed Adamczyk with evidence of discrimination
when his initial position with the company was terminated. *Doc. 18* at 9.  And,
"[i]n response, Honeywell threatens [Ismail] with criminal prosecution for the
audio, declines to discipline . . . Weiss, and declines to reopen the investigation
without 'new information.'" *Id.*   Ismail connects this action with Honeywell's
failure to hire him, concluding that "[b]y refusing to hold [Weiss] accountable for
his discrimination, . . . Adamczyk enabled [Weiss] to continue to discriminate
against Ismail by preventing him from proceeding with the new Honeywell
position and is complicit in the discrimination." *Id.*  These facts, however, do not
amount to allegations of Adamczyk's personal involvement.  Ismail alleges only
that Adamczyk failed to hold one of his employees—Weiss—accountable for
discriminating against Ismail when he was terminated in 2015.  Ismail then
concludes that this lack of accountability "enabled" Weiss to discriminate against
him. *Id.*  Ismail does not allege that Adamczyk "cause[d] an intentional
infringement" of his rights. *See Randolph v. Allied Crawford Steel, Inc.*, 2021 WL
1666980 at *3 (M.D. Pa. Apr. 28, 2021) ("Individuals can face personal liability
under Section 1981 if they cause an intentional infringement of an individual's

Section 1981 rights or 'if they authorized, directed, or participated in the alleged discriminatory conduct.'") (citing *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986) *aff'd*, 481 U.S. 604 (1987)).  He does not allege that Adamczyk "authorized, directed, or participated in" the decision not to continue the hiring process. *Id.*

Ismail thus fails to state a claim against Adamczyk upon which relief can be granted.  Because we dismiss Ismail's claims against Adamczyk on these grounds, we reach neither Adamczyk's argument that the claims are time-barred nor his argument that they are barred by issue preclusion.

## V.  Amendment.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  "Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).  "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* (quoting *in re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)).  Thus, in determining whether an amendment would be futile, we apply the same standard as

14

we apply in determining whether a complaint fails to state a claim upon which
relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id.* "In other words, '[t]he
District Court determines futility by taking all pleaded allegations as true and
viewing them in a light most favorable to the plaintiff.'" *Id.* (quoting *Winer Family
Trust v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007)).

Ismail was previously given leave to amend his complaint. *Docs. 16, 17.*
Ismail, however, has again failed to state a claim upon which relief can be granted.
We thus conclude that leave to amend would be futile.

## VI.  Conclusion.

Based on the foregoing, we will grant Adamczyk's motion to dismiss (*doc. 22*).  An appropriate order follows.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge